UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TERRELL CASON,  )  <br>  ) <br> Petitioner,  )  <br>  ) <br> v.  )  <br>  ) <br> CECIL DAVIS,  )  <br>  ) <br> Respondent.  ) | CAUSE NO. 1:04-CV-330-TS |

**OPINION AND ORDER**

*Pro se* petitioner, Terrell Cason, an inmate at the Indiana State Prison in Michigan City, Indiana, was charged with refusal to submit to a breath test to determine the presence of a controlled substance or alcohol. After exhausting his administrative remedies, Cason filed a petition seeking relief under 28 U.S.C. § 2254. The Response filed on behalf of the Respondent by the Attorney General of Indiana demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). In its response, the Attorney General of Indiana has submitted the administrative record including documents designated A through H, which set out the underlying procedures in this conduct adjustment board (CAB) proceeding. On November 8, 2004, the Petitioner filed a traverse.

**RELEVANT FACTS**

On April 16, 2004, Officer Carrasco prepared a conduct report charging Cason with refusing to submit to a test to determine the presence of a controlled substance or alcohol as ordered by staff. (Exhibit A.) According to the conduct report, on April 14, 2004, Officer Carrasco attempted to give Cason an alcohol test using the Alco Sensor, a breath test. (Exhibit A.) The report indicates that

Officer Carrasco told Cason to take the test, but Cason refused. (Exhibit A.)

The CAB hearing was held on April 22, 2004. The CAB found Cason guilty of refusal to submit to the breath test. (Exhibit D.) Cason's finding of guilt was based on the report of conduct, Cason's statement, and evidence from witnesses. The sanction imposed was a 270-day earned credit time loss. The finding of guilt and the sanctions were upheld by the facility head and the final reviewing authority.

## STANDARD OF REVIEW

As the loss of good time credit is a "liberty" interest protected by the Fourteenth Amendment to the Constitution, it triggers the applicability of *Wolff v. McDonnell*, 418 U.S. 539 (1974), and requires certain procedural steps as stated in that Supreme Court decision. Due process requires that Cason be given: (1) advance written notice of the charges against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the fact finder of the evidence relied on and the reasons for the disciplinary action. *Henderson v. U.S. Parole Comm'n*, 13 F.3d 1073 (7th Cir. 1994) (citing *Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974)).

For the hearing to be meaningful, the prisoner should be afforded an opportunity to be heard before an impartial decision maker, *id.,* and the decision must be supported by "some evidence" in the record. *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445 (1985). The some evidence standard applies in this circuit, as reflected in *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000), *McPherson v. McBride,* 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride*, 81 F.3d 717

(7th Cir. 1996).

This is a lenient standard, requiring no more than "a modicum of evidence."*Webb,* 224 F.3d at 652.  Even evidence that can be characterized as meager is sufficient to support the revocation of good-time credits so long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Id.* (citing *Hill*, 472 U.S. at 457). "The relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*  (citing *Hill*, 472 U.S. at 455–56).

## DISCUSSION

Cason claims that his constitutional due process rights were violated because he was not given proper notice of the charge, he was denied a fair and impartial hearing, and there was a lack of evidence to support the charge.

**A. Proper Notice of the Charge**

Cason claims that he was not given proper notice of the charge against him because the written notice did not specifically describe "how" he refused the officer's order. According to *Wolff*, Cason has the right to twenty-four hours notice of the charge against him and a summary of the facts underlying the charges so that he can gather facts and prepare a defense. *See Wolff*, 418 U.S. at 564; *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995) (*per curiam*). In this case, Cason was given notice of the disciplinary hearing more than twenty-four hours before the hearing. That notice included the report of conduct, which charged Cason with a Class A offense, #112, refusal to submit to an alcohol test. The description of the incident provide the date and time of the offense, stated that

3

the officer attempted to give Cason a breath test and that Cason "refused." The report of conduct also provided that the reason the officer attempted the test was because other staff smelled alcohol on Cason's breath. This was sufficient to inform Cason of the nature of the charge and allow him to collect evidence and prepare a defense to the charge. Including the exact method of Cason's refusal in the charges was not necessary to comply with due process.

**B. Fair and Impartial Hearing**

Cason claims that he was denied a fair and impartial hearing because another offense was mentioned in the conduct report. The conduct report states that the test was attempted "due to staff smelling alcohol on Cason's person while apprehending for a staff battery." Cason argues that the board members were biased because the conduct report informed them that a battery had been committed on another staff member. In *Merritt v. De Los Santos*, 721 F.2d 598, 601 (7th Cir.1983), the court held that if an official is substantially involved in the investigation of the charges against an inmate, the due process requirement of impartiality mandates the disqualification of that official. "Tangential involvement" in the investigation, however, does not disqualify an officer from sitting on the adjustment committee. *Merritt*, 721 F.2d at 601.

In this case, there is no indication that the board members were even tangentially involved in the investigation of this case, or for that matter, of the battery. Moreover, if CAB members are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding, *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), it logically follows that CAB members' awareness of another offense committed by the same prisoner does not establish partiality. "Adjudicators enjoy a presumption of honesty and integrity." *Withrow v. Larkin*, 421 U.S. 35, 47

4

(1975). Cason fails to establish that the information on the conduct report affected the board members' impartiality or the outcome of his CAB hearing. Accordingly, Cason has not demonstrated that his procedural due process rights were violated by the mention of another offense in his conduct report.

**C. Sufficiency of the Evidence**

Cason argues that there is no evidence to support the charge because the conduct report was too vague and he was not ordered to take the test, but was asked "about his feelings toward taking a test." (Pet. at 6.) To the extent that Cason is arguing that there was insufficient evidence to find him guilty, he is incorrect. As noted above, the amount of evidence needed in these types of cases is very modest. In this case, the evidence that was presented meets the "some evidence" standard. In finding Cason guilty, the CAB relied upon the conduct report, Cason's statement, and other witness evidence. The conduct report, although brief, clearly states that Cason was told to take the test and that he refused. The CAB found that Cason did not respond when asked to take the test and that this failure to respond was a refusal. Officer Swedersky, who witnessed the incident involving Officer Carrasco and Cason and submitted a written statement, characterized Cason's actions as a refusal. Although there was also some evidence that Cason was only asked it he would like to take the test and that he did not answer, or did not have a chance to answer, the record is not so devoid of evidence that the CAB's finding that Cason refused the test was without support or otherwise arbitrary. The Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. *Walpole*, 472 U.S. at 457. Cason's challenge to the sufficiency of the evidence fails.

**CONCLUSION**

For all the reasons stated, none of Cason's constitutional rights have been violated and his Petition for relief under 28 U.S.C. § 2254 is **DENIED.**

SO ORDERED on August 4, 2005.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT